## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| AUSTIN MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-769-RLW |
| | ) | |
| AUTO ASSURE, LLC | ) | |
| *doing business as* | ) | |
| *Endurance Car Warranty LLC,* | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Auto Assure, LLC's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 11).  Plaintiff Austin Moore opposes the motion, which is ripe for review.  For the reasons that follow, the Court grants in part and denies in part Defendant's Motion to Dismiss.

### I. Background

In his Complaint, Plaintiff alleges Defendant Auto Assure LLC ("Auto Assure") failed to pay him overtime wages.[1]  (ECF No. 1).  According to the Complaint, Auto Assure employed Plaintiff as a Sales Representative from approximately March 2018 until February 2022.  (Id. at 3).  Plaintiff alleges that during his employment, his supervisor directed him to work overtime on a weekly basis, and he "was promised he would receive overtime pay for working the extra hours."

---

[1]Plaintiff's Complaint is titled "Complaint for Collective Action and Damages under Fair Labor Standards Act and the Missouri Minimum Wage Law (MMWL)."  (ECF No. 1).  However, Plaintiff alleges he is bringing his claims "as a single Plaintiff in this suit."  (ECF No. 1 at 1). Elsewhere in the Complaint, he alleges, "Mr. Moore brings these claims as an individual."  (Id. at 3).  On review of the Complaint, the Court finds there are no allegations that would suggest Plaintiff intends to pursue this case as a collective action.

(Id. at 3).  Plaintiff further alleges Auto Assure "fraudulently displayed incorrect overtime hours" on his paychecks, which were never paid.  (Id.)  According to the Complaint, when Plaintiff inquired about the hours that were not paid, management promised to make the correction and pay him, but Defendant neither made the corrections nor paid Plaintiff for his overtime.  Plaintiff also claims Auto Assure required him to work on "Team Saturdays," but he was never compensated for this work, despite being told by his supervisor and manager that he would be paid.  (Id. at 4).  Plaintiff alleges he worked four years and eleven months without being paid overtime or for working Team Saturdays.[2]  (Id.)

Plaintiff's Complaint asserts the following two counts against Auto Assure: failure to pay overtime wages in violation of Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. (Count I), and failure to pay overtime wages in violation of the Missouri Minimum Wage Law ("MMWL") Mo. Rev. Stat. §290.500, et seq.  (Count II).  Plaintiff seeks over $150,000 in unpaid overtime.

In its Motion to Dismiss, Defendant seeks to limit Plaintiff's FLSA claim to a two-year statute of limitations, which would limit the recovery period to claims that accrued after June 13, 2021.  In the alternative, Defendant argues Plaintiff's overtime claims should be limited to FLSA's and MMWL's three-year statutes of limitations, thus limiting the recovery period to claims that accrued after June 13, 2020.  Plaintiff opposes the motion and argues FLSA's two-year statute of limitations does not apply, because he has adequately alleged Defendant's violations were willful.  In addition, Plaintiff argues FLSA's three-year statute of limitations should be equitably tolled to allow him to recover all his unpaid overtime wages.

---

[2]This calculation is inconsistent with Plaintiff's allegation that he worked for Auto Assure from approximately March 2018 until February 2022, which is only three years and eleven months. (ECF No. 1 at 3).

### *II.  Discussion*

The FLSA provides a two-tiered limitations period.[3]  29 U.S.C. § 255(a). Plaintiffs must file suit within two years of the employer's alleged violation unless the employer acted "willfully." Id. When an employer willfully violates the FLSA, the statute of limitations extends to three years. Id.  An employer acts willfully when it "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988).  Under the MMWL, "[a]ll actions for the collection of any deficiency in wages shall be commenced within three years of the accrual of the cause of action." Mo. Rev. Stat. § 290.527.

**A.      Plaintiff's FLSA Claim Is Not Limited by the Two-Year Statute of Limitations.**

Defendant argues Plaintiff's FLSA claim should be limited to the two-year statute of limitations, because Plaintiff has not alleged facts demonstrating a willful violation.  In support of its argument, Defendant cites to three district court cases from outside the Eighth Circuit.  The Court need not consider these cases, because there is controlling authority directly on point.

In Weatherly v. Ford Motor Co., 994 F.3d 940 (8th Cir. 2021), the Eighth Circuit addressed whether a plaintiff had adequately alleged "willfulness" for the purpose of extending the two-year

---

[3]The statute states as follows:

Any action … to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the [FLSA]

(a) … may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued; for violations under the statute.

29 U.S.C. § 255(a).

3

statute of limitations under the Family Medical Leave Act ("FMLA") to three years. The plaintiff had filed suit approximately 25 months after the alleged violation, and the district court dismissed the plaintiff's FMLA claim on a Rule 12(b)(6) motion to dismiss as being time barred. On appeal, the Eighth Circuit reversed.

In reversing the district court, the Eighth Circuit noted that the FMLA has an identical, two-tiered statute of limitations as that of the FLSA. Id. at 943 (citing 29 U.S.C. § 2617(c)(1)–(2)). The Eighth Circuit further noted that willfulness was not an element of the plaintiff's claim, but rather it went to the application of the statute of limitations, an affirmative defense. Id. at 942. The court wrote, "in general, a defendant cannot render a complaint defective by pleading an affirmative defense, and so the possible existence of a limitations defense 'is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense.'" Id. at 943 (quoting Jessie v. Potter, 516 F.3d 709, 713 n.2 (8th Cir. 2008)). In other words, it is "not the plaintiff's responsibility to refute [an affirmative defense] in his complaint." Id. The Eighth Circuit expressly rejected the argument that the plaintiff was required to "plausibly assert" that the defendant had willfully violated the statute to avoid dismissal – an argument Defendant makes in this case. Id. at 944 ("[W]e need not reach that question."). According to the Eighth Circuit, on a Rule 12(b)(6) motion, dismissal would be appropriate only if the complaint "establish[es] the alleged violations were not willful." Id. Examining the allegations in the plaintiff's complaint, the Eighth Circuit held there were allegations from which "proof of willfulness" might "grow," such as the employer's alleged failure to establish and enforce policies or conduct training. Id.

Here, the Court finds Plaintiff's Complaint does not establish FLSA's two-year statute of limitations applies. Id. Defendant has pointed to no allegations demonstrating the alleged violations were not willful. Like the complaint in Weatherly, there are allegations in Plaintiff's

4

Complaint from which proof of willfulness "might grow." Id.  For example, Plaintiff alleges Defendant "promised he would receive overtime pay for working the extra hours," and the company "fraudulently displayed overtime hours on the paycheck that were not paid to [Plaintiff]." (ECF No. 1 at 3).  Plaintiff further alleges that when he made inquiries, "management promised to correct and pay [Plaintiff]," however, the company "never made the corrections and never paid [Plaintiff].  (Id.)  The Complaint does not establish the alleged violations were not willful, and Defendant's Motion to Dismiss based on FLSA's two-year statute of limitations is denied.

> **B.     Plaintiff's Overtime Claims Are Limited by the FLSA's and MMWL's Three-Year Statutes of Limitations.**

Alternatively, Defendant argues that under the FLSA and MMWL, Plaintiff cannot recover for overtime claims that accrued more than three years before he filed suit, that is prior to June 13, 2020.  Based on his allegations, Plaintiff appears to be pursuing overtime claims that accrued starting in 2018.  According to the Complaint, Plaintiff worked for Auto Assure from March 2018 through February 2022.  He alleges that on a weekly basis, his supervisors directed him to work overtime, but he never received overtime compensation.  Although he does not allege the collection period for which he is seeking compensation, Plaintiff alleges he is owed more than $150,000.00 in back wages.

As noted above, the FLSA and MMWL both limit a plaintiff's recovery to a maximum limitations period of three years. 29 U.S.C. § 255(a); Mo. Rev. Stat. § 290.527.  Under both statutes, claims for the collection of unpaid wages that accrued more than three years prior to the commencement of the suit are barred.  Unlike FLSA claims that are filed more than two years but less than three years after accrual, there is a complete bar for FLSA and MMWL claims filed more than three years after they accrued.  These limitations are enforceable by the passage of time, regardless of alleged state of mind of the defendant.  Id.

As discussed in the preceding section, a statute of limitations is an affirmative defense. Weatherly, 994 F.3d at 943. The Eighth Circuit has instructed that a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) based on an affirmative defense is proper only when the allegations in the complaint establish the defense. Id. Because the three-year statutes of limitations of the FLSA and MMWL are enforceable by the passage of time alone, the Court finds Plaintiff's Complaint does establish Defendant's three-year limitations defense. Id. See also Smithrud v. City of St. Paul, 746 F.3d 391, 396 (8th Cir. 2014) (affirming dismissal based on statute of limitations that did not did not depend on any facts other than the passage of time). To the extent Plaintiff's FLSA and MMWL claims for overtime wages accrued more than three years prior to June 13, 2023, the date Plaintiff filed his Complaint, they are barred by their respective three-year statute of limitations.

In response to Defendant's argument regarding the application of the three-year statutes of limitations, Plaintiff argues he is "entitled to equitable tolling of the [s]tatute of [l]imitations under the FLSA" as a result of Defendant's misconduct. (ECF. No. 16 at 4). Defendant responds that the doctrine does not apply under the circumstances of this case.

In support of and in opposition to Plaintiff's argument, the parties use the terms equitable tolling and equitable estoppel interchangeably. While related, equitable tolling and equitable estoppel are two distinct doctrines, and Plaintiff has not established that either applies in this case.

The doctrine of equitable tolling "has its roots in the discovery rule long-applied to fraud cases." Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1328 (8th Cir. 1995) (citing Holmberg v. Armbrecht, 327 U.S. 392, 396–97 (1946)). The doctrine of equitable tolling permits a plaintiff to sue after the statutory time period has run "'when the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his claim.'" Id. (quoting Chakonas

6

v. City of Chicago, 42 F.3d 1132, 1135–37 (7th Cir. 1994)).  "[T]he doctrine does not require any misconduct on the part of the defendant," and is an objective test.  Id.  "When a reasonable person in the plaintiff's situation would not be expected to know of the existence of a possible [ ] violation, this excusable ignorance may provide the basis for the proper invocation of the doctrine of equitable tolling."  Id. at 1329.  Plaintiff, as the party seeking the benefit of equitable tolling, bears the burden of establishing he is entitled to it.  Motley v. United States, 295 F.3d 820, 824 (8th Cir. 2002)

The Court finds the doctrine of equitable tolling does not apply under the circumstances of this case, because Plaintiff had actual knowledge of possible overtime violations when he received his paychecks.  According to the Complaint, not only was Plaintiff aware of the possible violations, but he also complained to management about being underpaid.  Additionally, Plaintiff has not established that he diligently pursued his rights.  Dring, 58 F.3d at 1328.  Plaintiff's employment ended in February 2022, but he did not file suit until June 2023, approximately 18 months later.  Smithrud, 746 F.3d at 396 (finding no diligence where plaintiff waited more than a year before filing his claim in federal court).  The record does not support the application of equitable tolling.

The doctrine of equitable estoppel involves misconduct by the defendant.  In an employment context, the doctrine "applies when the employee knows [he] has a claim, but the employer affirmatively and actively takes action that causes the employee not to timely file [his] suit."  Henderson v. Ford Motor Co., 403 F.3d 1026, 1033 (8th Cir. 2005) (citing Dring, 58 F.3d at 1329).  "The doctrine of equitable estoppel is invoked when a plaintiff is aware of his [ ] cause of action, but is 'lulled or tricked into letting the [ ] filing deadline pass because of some employer misconduct.'"  Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 835 (8th Cir. 2002) (quoting Dring, 58 F.3d at 1329)).  The employer's misconduct must go "above and beyond the wrongdoing

7

upon which the plaintiff's claim is founded." <u>Dring</u>, 58 F.3d at 1329.  The doctrine of equitable estoppel is the "exception to the rule" and should "be used only in exceptional circumstances." <u>Id.</u> at 1330.

Here, Plaintiff has not alleged or established that Auto Assure affirmatively "lulled or tricked" him into allowing the filing deadline to pass.  Plaintiff argues Defendant engaged in conduct designed to mislead and prevent him from filing suit in that Auto Assure's management promised to pay him the amount he was owed but failed to do so.  The Court finds this alleged conduct is the basis for Plaintiff's overtime claims. <u>Dring</u>, 58 F.3d at 1329.  The allegations do not go "above and beyond" the alleged conduct upon which plaintiff's claim is based. <u>Id.</u> Furthermore, as noted above, Plaintiff waited approximately 18 months after his employment ended to file suit.  There is nothing in the record to indicate that Plaintiff delayed filing suit on account of Defendant's misconduct.  The doctrine of equitable estoppel does not apply in this case.

In sum, the Court finds that neither the doctrine of equitable tolling nor the doctrine of equitable estoppel saves Plaintiff's untimely claims from dismissal.  Based on the allegations in the Complaint, Plaintiff overtime claims are subject to the three-year statutes of limitations, and Plaintiff cannot recover for overtime claims that accrued more than three years prior to the date he filed suit.

### III.  Conclusion

In sum, Defendant's Motion to Dismiss is granted in part and denied in part.  The motion is denied in that at this stage in the proceedings, Plaintiff's FLSA overtime claims are not subject to the two-year statute of limitations set forth in 29 U.S.C. § 255(a).  Defendant has pointed to no allegations in the Complaint that establish the alleged FLSA violations were not willful.  The Court does find Plaintiff's FLSA and MMWL claims are subject to their respective three-year statutes of

limitations, and the doctrines of equitable tolling and equitable estoppel do not apply.  To the extent Plaintiff's FLSA and MMWL claims for overtime wages accrued more than three years prior to June 13, 2023, they are barred by their respective three-year statute of limitations.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED in part and DENIED in part.** (ECF No. 11).  The Motion is **GRANTED** to the extent that Plaintiff's claims under the Fair Labor Standards Act and the Missouri Minimum Wage Law that accrued more than three years prior to June 13, 2023 are time-barred.  In all other respects, the Motion is **DENIED.**

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this  28th  day of December, 2023.